UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION at PIKEVILLE

| | | |
|---|---|---|
| JOSE CRISTOBAL CARDONA, | ) | |
| Petitioner, | ) | Civil No. 7:20-059-WOB |
| v. | ) | |
| HECTOR JOYNER, WARDEN, | ) | **MEMORANDUM OPINION** |
| Respondent. | ) | **AND ORDER** |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Jose Cristobal Cardona is a federal prisoner who was previously incarcerated in this district. Proceeding without a lawyer, Cardona filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he challenges the imposition of disciplinary sanctions against him arising from a fight involving multiple inmates. The Court has fully reviewed Cardona's petition and attached documents, including but not limited to the relevant incident report, the discipline hearing officer's (DHO's) report, and Cardona's various exhaustion-related documents. [*See* R. 1]. The Court has also reviewed the Respondent's response and supporting evidence. [*See* R. 11]. Therefore, Cardona's petition is now ripe for a decision by this Court.

Cardona has not demonstrated that he is entitled to a restoration of the 27 days of good conduct time that he lost. As an initial matter, despite Cardona's claims to the contrary, he has not demonstrated that he was denied the various procedural protections that he was due. Under the law, Cardona was entitled to advance notice of the charges against him, the opportunity to present evidence and witnesses in his defense, and a written decision explaining the grounds used to determine his guilt. *See Wolff v. McDonnell*, 418 U.S. 539, 563-66 (1974).

Here, the record reflects that Cardona received each of these procedural protections. Indeed, as the Respondent has established, Cardona received notice of the charge against him on

September 17, 2019, well in advance of the October 3, 2019 discipline hearing.  [*See* R. 11 at 17; *see also* R. 11-2 at 3-4].  The Respondent has also demonstrated that Cardona was given the opportunity to present evidence and witnesses in his defense; in fact, the record even indicates that Cardona waived his right to have a staff representative and witnesses at the discipline hearing and admitted the charge against him.  [*See* R. 11 at 19; *see also* R. 11-2 at 4, 24-27, 28-29].[1]  The record also shows that prison officials provided Cardona with a written decision thoroughly explaining the grounds used to determine his guilt.  [*See* R. 11 at 20; *see also* R. 11-2 at 5, 27].  Thus, Cardona has not established that his due process rights were violated.

The only remaining question then is whether there was "some evidence" in the record to support the DHO's decision in this case.  *See Superintendent v. Hill*, 472 U.S. 445, 454 (1985); *Selby v. Caruso*, 734 F.3d 554, 558-59 (6th Cir. 2013).  This is a very low threshold.  After all, the Court does not examine the entire record or independently assess the credibility of witnesses.  *Hill*, 472 U.S. at 455.  Instead, the Court merely asks "whether there is *any* evidence in the record that could support the conclusion reached by the disciplinary board."  *Id.* at 455-56 (emphasis added); *see also Higgs v. Bland*, 888 F.2d 443, 448-49 (6th Cir. 1989) (discussing this standard).

In this case, there was certainly some evidence in the record to support the DHO's decision. Indeed, the DHO's report details the evidence in this case linking Cardona to the offense in question, including but not limited to certain photographs, clinical encounter forms, an eyewitness account, memoranda from multiple prison officials, and Cardona's own statement.  [*See* R. 11-2 at 25-26].  This evidence was clearly enough to meet the very low threshold applicable here.  *See Hill*, 472 U.S. at 454.

---

[1] Although Cardona now suggests that he wanted a review of certain surveillance footage, it is not clear that he made such a request during the disciplinary process.  And even if this evidence was requested and not specifically considered, Cardona has not demonstrated how this would amount to a constitutional violation, particularly given that he admitted the charge against him, as well as the other extensive evidence in the record.

In conclusion, Cardona has not demonstrated that he was denied the procedural protections he was due, and there was more than enough evidence to support the DHO's decision in this case. Accordingly, it is **ORDERED** as follows:

1. Cardona's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED**.

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket.

3. The Court will enter a corresponding Judgment.

This 16th day of December, 2020.

Signed By:
*William O. Bertelsman* WOB
United States District Judge